UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERNESTO MIGUEL HEREDIA,<br>    Plaintiff,<br>v.<br>TTM TECHNOLOGIES INC,<br>    Defendant. | Case No. 5:18-cv-01237-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Re: Dkt. No. 13 |

Plaintiff Ernesto Miguel Heredia initiated this action against TTM Technologies, Inc. ("TTM") for allegedly refusing to hire him due to his age. Complaint ("Compl."), Dkt. No. 1. TTM moves to dismiss the complaint for failure to state a claim. Motion to Dismiss ("MTD"), Dkt. No. 13. TTM also requests that the Court declare Heredia a vexatious litigant. *Id*. Heredia has not opposed TTM's motion. For the reasons discussed below, both requests are GRANTED.

**I.    BACKGROUND**

Heredia alleges that he was denied employment by TTM. Compl. His brief complaint states the following: "I applied for an open machine operator position with [TTM] on November 1, 2017. I met the minimum qualifications for the role and I have not received an invitation for an interview. I believe that I have been denied hire because of my age violation [sic] of the Age Discrimination in Employment Act ["ADEA"] of 1967 as amended." *Id*. ¶ 6. Heredia also alleges that "Alma Hernandez always has her posting on CalJobs and every time I apply she won't hire me for a job. We have been applying to her posting's [sic] for over a year know [sic] and different

web sites." *Id.* ¶ 4.

Heredia filed his Complaint on February 26, 2018. *Id.* TTM moved to dismiss on April 10, 2018. MTD, Dkt. No. 13. Heredia did not respond to the motion. TTM reports that, when its counsel reached out to Heredia to discuss a mutually-agreeable hearing date for its motion, Heredia did not provide a date but instead responded with an email stating "ONLY SEND ME EMAIILS OR CALL ME WHEN YOUR READY TO SETTLE FOR SOME THE CASE FOR MONEY." Declaration of Brian K. Morris ("Morris Decl."), Dkt. No. 13-1, at ¶ 3 and Ex. B.

On May 21, 2018, TTM filed a case management statement and Rule 23(f) report. Dkt. No. 19. TTM recounts that it made several attempts to meet and confer with Heredia, but Heredia was uncooperative. *Id.* at 2. First, in response to a voice message from TTM counsel, Heredia sent an email stating: "ONLY SEND ME EMAIILS OR CALL ME WHEN YOUR READY TO SETTLE FOR SOME THE CASE FOR MONEY." *Id.* Then, on May 15, 2018, Heredia indicated that he was available to speak to TTM's counsel "anytime." *Id.* However, when TTM's counsel attempted to contact Heredia, he did not return the phone calls but sent two emails which contained explicit language. *Id.*

On June 22, 2018, the Court issued an amended order to show cause why Heredia's claims should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Dkt. No. 22. Heredia did not timely respond.

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Fed. R. Civ. P. 12(b)(6); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

Case No.: 5:18-cv-01237-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

2

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When the court is evaluating a pro se complaint, it must construe the allegations liberally, and dismissal of a pro se complaint without leave to amend is only proper if it is "absolutely clear that no amendment can cure the defect." *Murphy v. United States Postal Serv.*, No. C 14-02156 SI, 2014 WL 4437731 (N.D. Cal. Sept. 9, 2014) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980)).

### B. Vexatious Litigant

Federal courts may subject vexatious litigants to pre-filing orders pursuant to the All Writs Act. *See* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *see also Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) ("[I]t is clear that the district court has authority to issue pre-filing injunctions pursuant to 28 U.S.C. § 1651."). Such orders should not be issued lightly; they are "an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." *Id*.

There can come a time, though, when an abusive litigant's right of access must be curtailed by court order so as to control the type of "[f]lagrant abuse of the judicial process" that "enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). This can be especially pertinent to individuals proceeding without counsel because "fewer sanctions are available against a pro per litigant." *Doran v. Vicorp Rests., Inc.*, 407 F. Supp. 2d 1115, 1118 (C.D. Cal. 2005). Absent an available means of restraint, such as an order requiring a litigant to obtain leave of court prior to filing documents, some cases may never come to an end.

The Ninth Circuit has articulated factors for district courts to examine before issuing a pre-filing order:

Case No.: 5:18-cv-01237-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT
3

> First, the litigant must be given notice and a chance to be heard
> before the order is entered. Second, the district court must compile
> 'an adequate record for review.' Third, the district court must make
> substantive findings about the frivolous or harassing nature of the
> plaintiff's litigation. Finally, the vexatious litigant order 'must be
> narrowly tailored to closely fit the specific vice encountered.'

*Molski*, 500 F.3d at 1057 (quoting *De Long*, 912 F.2d at 1147-48) (internal citations omitted).

### III. DISCUSSION

#### A. Defendant's Requests for Judicial Notice

Federal Rule of Evidence 201(b) permits the Court to judicially notice a fact that is not subject to reasonable dispute because it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A request for judicial notice may be declined if the information submitted is not relevant to the matters before the Court. *See Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (denying request for judicial notice, in part because information to be noticed did not bear on the "relevant issue" before the court).

On a motion to dismiss under Rule 12(b)(6), the Court may also consider "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). However, the Court cannot notice "facts that may be 'subject to reasonable dispute.'" *Id.* (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). "More specifically, [the Court] may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *Id.*

TTM requests that the Court take judicial notice of certain documents and information related to complaints and administrative charges which Heredia has filed. Dkt. Nos. 12, 14. Exhibits A-D, F, M, N, P, and T to TTM's March 28, 2018 Request for Judicial Notice ("RJN1") are orders of dismissals from other cases which Heredia has filed in this District. Dkt. No. 12. Exhibits E, G-L, O, and Q-S to RJN1 are docket entries from cases which Heredia has filed in this

Case No.: 5:18-cv-01237-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

4

1  District and with the Santa Clara County Superior Court. *Id.* TTM requests that, in addition to
2  these documents, the Court take notice of the filing date, claims, and disposition of each of these
3  cases. *Id.* TTM also requests, in its April 23, 2018 Request for Judicial Notice ("RJN2"), that the
4  Court take notice the April 17, 2018 charge filed by Heredia against TTM with the California
5  Department of Fair Employment and Housing ("DFEH"). Dkt. No. 14.

All of the documents and information in TTM's requests meet the standard for admissibility under Rule 201. Fed. R. Evid. 201(b); *Revn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding the court "may take judicial notice of court filings and other matters of public record"). Thus, the Court takes judicial notice of these orders, dockets, and the related information identified by TTM.

### B. Failure to State a Claim

The ADEA makes it unlawful for an employer to fail to hire an individual because he is over 40. *See* 29 U.S.C. § 623(a)(1). To state a prima facie case of discrimination under the ADEA, a plaintiff must show that: (1) he was 40 or over; (2) he applied for and was qualified for the position he was denied; (3) he was rejected despite his qualifications; and (4) the employer filled the position with an employee not of the plaintiff's class, or continued to consider other applicants whose qualifications were comparable to the plaintiff's after rejecting the plaintiff. *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). To ultimately prevail, the plaintiff must prove that age was the "but-for" cause of the alleged adverse action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009).

Applying these standards here, Heredia fails to allege a plausible claim of age discrimination. While the Complaint alleges that Heredia was not selected for a machine operator position for which he was qualified, it contains no factual allegations showing that the denial of his job application was due to his age. *See* Compl. ¶¶ 1-11. Indeed, Heredia does not even specifically allege that he is over 40 years old. *Id.* In addition, Heredia does not make any allegations regarding actions that TTM took with respect to other candidates who applied for that

Case No.: 5:18-cv-01237-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT
5

position, such as that TTM "filled the position with an employee not of [Heredia's] class, or continued to consider other applicants whose qualifications were comparable to the [Heredia's] after rejecting the [Heredia's]. *Dominguez-Curry*, 424 F.3d at 1037. Accordingly, the Complaint fails to allege a plausible case of age discrimination and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

Leave to amend a complaint, while generally granted liberally, is properly denied when the amendments would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Here, Heredia's Complaint contains the same conclusory allegations that Heredia has levied against other defendants in other cases. *Compare, e.g.*, *Heredia v. West Valley Staffing Group*, 2018 WL 1631325, at *1 (N.D. Cal. Apr. 4, 2018) ("I applied for a machine operator/mechanical inspector position, and submitted my application and resume to Sandra Lawrence, mid 30's senior recruiter. I was not selected. . . . I believe that I was discriminated against because of my age 47[.]"), *with* Compl. ¶ 6 ("I applied for an open machine operator position . . . . I meet the minimum qualification for the role, and I have not received an invitation for an interview. I believe that I have been denied hire because of my age[.]"). These claims have been dismissed without leave to amend. *Id.* In addition, Heredia appears to have no genuine interest in prosecuting this case: he did not respond to TTM's motion to dismiss, did not cooperate with TTM's counsel in selecting a mutually-agreeable hearing date, did not participate in preparing a joint case management statement, and did not respond to the Court's order to show cause that his case should be dismissed for failure to prosecute. *See* Dkt. Nos. 13-1, 19, 21. Based on the totality of these circumstances, the Court concludes that further amendment in this case would be futile. Accordingly, Heredia's Compliant is DISMISSED WITH PREJUDICE, WITHOUT LEAVE TO AMEND.[1]

---

[1] Although the Court is dismissing Heredia's Complaint on the merits, the Court notes that dismissal would also be proper under Federal Rule of Civil Procedure 41(b) for failure to prosecute. "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

Case No.: 5:18-cv-01237-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

6

### C. Vexatious Litigant

Having dismissed Heredia's claims, the Court turns to TTM's request that Heredia be declared a vexatious litigant. It discusses each of the *De Long* factors in turn.

#### i. Notice and Opportunity to be Heard

The first factor requires that the litigant be afforded an opportunity to oppose the order before it is entered. *De Long*, 912 F.2d at 1147. "Courts in this circuit have held that a motion to declare a litigant vexatious does not require oral argument." *Gavin v. City & Cty. of SF*, Case No. 15-cv-5202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016); *see also Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not require an oral hearing; the opportunity to brief the issue fully satisfies due process requirements") (internal quotation omitted).

The first *De Long* factor is satisfied here because Heredia had the opportunity to file a written opposition. Dkt. No. 21. In addition, Heredia has also been explicitly warned that a continued pattern of unsuccessful filings may lead to a declaration that he is a vexatious litigant. In another case that Heredia filed in this District, Judge Lloyd advised Heredia that

> the court is concerned that Heredia may be engaging in a pattern of malicious conduct. The court CAUTIONS HEREDIA that a plaintiff who engages in a pattern of CONTINUED ABUSE of the judicial process may be declared a VEXATIOUS LITIGANT and may face SANCTIONS, MONETARY OR OTHERWISE.

---

prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). These factors weigh in favor of dismissal here. As to the first, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This is particularly compelling here, as Heredia's failure to respond to TTM's motion to dismiss or the Court's order to show cause suggest that he no longer wishes to pursue this action. As to the second, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants," such as Heredia's noncompliance here. *Pagtalunan*, 291 F.3d at 642. As to the third, Heredia has offered no explanation for his failure to oppose or respond to the dismissal motions; thus, the Court can discern no unique prejudice to Heredia outside of dismissal, while the cost to TTM in maintaining this action is evident. As to the fourth, the Court has considered dismissing Heredia's Complaint with leave to amend, but, since the Court has determined that this would be futile, this option is not viable. As to the fifth, this does not apply, as Heredia's Complaint here is dismissed on its merits.

Case No.: 5:18-cv-01237-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

7

*Heredia v. W. Valley Staffing Grp.*, No. 16-CV-06777-HRL, 2017 WL 766720, at *3 (N.D. Cal. Feb. 28, 2017).

### ii. Adequate Record for Review

The second factor is procedural and requires only that the Court compile a list of actions and filings by the litigant. *See De Long*, 912 F.2d at 1147 ("An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"). In satisfaction of this factor, the Court lists in Exhibit A, attached to this order, the 21 actions filed by Heredia in federal and state court.

### iii. Frivolous or Harassing Filings

The third factor requires that the Court consider "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. *De Long*, 912 F.2d at 1148. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059. In applying this factor, the Ninth Circuit has found useful the factors enumerated by the Second Circuit in *Safir*. *Id*. at 1058 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). These are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir*, 792 F.2d at 24. The Court discusses each of these factors below.

With respect to the first *Safir* factor, Heredia has filed 21 employment related cases in state and federal court since 2015, including 11 in this District.[2] *See* Exhibit A. These cases name

---

[2] In addition to the instant case, Heredia has filed the following cases in this District: Case No. 15-CV-05187-PSG, Case No. 16-CV-01063-PSG, Case No. 16-CV-04031-HRL, Case No. 16-CV-04593-NC, Case No. 16-CV-06777-HRL, Case No. 17-CV-02253-SVK, Case No. 17-CV-02254-HRL, Case No. 17-CV-04476-LHK, Case No. 18-CV-01236-BLF, Case No. 18-CV-00870-VKD.

Case No.: 5:18-cv-01237-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

8

various Bay Area staffing agencies and all allege that Heredia has been discriminated against because of his race, age, or both. *Id*. On a number of occasions, Heredia has sued the same defendant multiple times. Since 2015, Heredia has sued West Valley Staffing Group ten times, Coast Personnel Services four times, and Barret Business Services twice. *Id*. TTM itself has also been the subject of multiple actions: in addition to this action, Heredia has filed administrative charges before the DFEH. RJN2.

To date, none of Heredia's efforts have been successful. Instead, all of his cases have been dismissed at the pleading stage. *See* Exhibit A. Six[3] have been dismissed for failure to state a claim and ten[4] have been dismissed for failure to prosecute or appear. *Id*. In addition, in at least four instances, courts in this District have deemed Heredia's cases malicious. *Heredia v. W. Valley Staffing Grp.*, No. 18-cv-1236-BLF (N.D. Cal. April 4, 2018) (dismissed as malicious); *Heredia v. W. Valley Staffing Grp.*, No. 17-cv-2253-SVK (N.D. Cal. May 18, 2017) (dismissed as malicious); *Heredia v. W. Valley Staffing Grp.*, No. 17-cv-2254-HRL (N.D. Cal. May 24, 2017) (dismissed as malicious); *Heredia v. W. Valley Staffing Grp.*, No. 16-cv-06777-HRL (revoking IFP status in an order granting motion to dismiss). Based on this record, it is clear that Heredia has a history of filing lawsuits that are not only duplicative, but also harassing and vexatious. This weighs in favor of a pre-filing order.

Turning to the second *Safir* factor, it does not seem that Heredia's motive is a good faith pursuit of his claims. Heredia continues to file lawsuits that originate from his applying to different jobs and not being selected for them. Exhibit A; RJN1. His claims have become increasingly less detailed and more repetitive. *Id*. Even though multiple judges have dismissed these claims as inadequately plead and Heredia should now be well aware that his claims as written are not viable, he persists in filing nearly identical lawsuits. *Id*. As such, Heredia can have

---

[3] Specifically: Case No. 17-CV-02254-HRL, Case No. 18-CV-01236-BLF, Case No. 17-CV-02253-SVK, Case No. 16-CV-06777-HRL, Case No. 16-CV-04593-NC.
[4] Specifically: Case No. 17-CV-04476-LHK, Case No. 17-CV-312171, Case No. 17-CV-312733, Case No. 16-CV-300990, Case No. 16-CV-298804, Case No. 16-CV-298493, Case No. 16-CV-04031-HRL, Case No. 16-CV-296747, Case No. 16-CV-296283, Case No. 16-CV-296010.

Case No.: 5:18-cv-01237-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

no objective good faith expectation of prevailing.

Heredia's post-filing actions also suggest that, subjectively, he does not expect to prevail. In this lawsuit alone, Heredia has failed to act on three separate occasions: he did not respond to TTM's motion to dismiss, he did not cooperate in preparing a joint case management statement, and he did not respond to the Court's order to show cause. *See* Dkt. Nos. 13-1, 19, 21. This behavior is consistent with Heredia's behavior in other cases. Ten of Heredia's cases have been dismissed for failure to prosecute or appear. Exhibit A; RJN1. In Heredia's six cases that have been dismissed on the merits, Heredia has never opposed a motion to dismiss. This also suggests that Heredia has no expectation of prevailing.

With no evidence of good faith pursuit of his claims, the Court is left to conclude that Heredia's primary motivation in bringing his multiple lawsuits is to harass defendants. *See Shek v. Children Hosp. Research Ctr. in Oakland*, 2013 WL 6512650, *3 (N.D. Cal. Dec. 12, 2013) (finding "that plaintiff intends to harass the defendants by filing multiple suits on the same subject matter"). Indeed, in the present action, Heredia did not engage with opposing counsel's attempts to reserve a mutually-agreeable hearing date and instead only responded with an email stating "ONLY SEND ME EMAILS OR CALL ME WHEN YOUR READY TO SETTLE FOR SOME THE CASE FOR MONEY[.]" Dkt. No. 13-1, Ex. B. Heredia sent opposing counsel a similar message when he attempted to contact him to prepare a joint case management statement. *See* Dkt. No. 19. On the whole, this behavior suggests that Heredia is uninterested in following court procedures and merely desires to extract money. As such, his motivation appears to be harassment, not the merits of his complaints. This weighs in favor of a pre-filing order.

Turning to the third *Safir* factor, Heredia is not represented by counsel. This weighs against a pre-filing order, but not strongly so. "Even an unrepresented litigant should understand after repeated attempts at challenging the same conduct that [his] claims are without merit and should not be pursued." *Martin v. Redwood City Dental Care*, No. 15-CV-03151-JST, 2015 WL 9489898, at *6 (N.D. Cal. Dec. 29, 2015). Accordingly, the Court simply notes Heredia's pro-se

Case No.: 5:18-cv-01237-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

10

status and, in view of this, proceeds with great care in deciding whether and how to impose a pre-filing order. *See De Long*, 912 F.2d at 1147 (noting "the use of [pre-filing orders] against a pro se plaintiff should be approached with particular caution," yet recognizing that courts are free to enjoin litigants with "abusive and lengthy histories") (internal quotation marks and citation omitted).

As to the fourth *Safir* factor, Heredia's numerous lawsuits have imposed substantial costs upon the Court in terms of time and resources. Heredia's lawsuits have been reviewed by eight different judges in this District and nine different judges in state court. *See* RJN1. To date, none of these have survived the pleadings stage.

Heredia's suits have also imposed burdens on defendants. Heredia has attempted to force more than a half dozen defendants to respond to vague claims in lawsuits which have ultimately been dismissed. RJN1. In the meantime, these defendants have had to incur the costs of securing counsel and, in many cases, filing a response. *See id*. And, even after the claims were dismissed, defendants were still responsible for attorney fees. *See id*. This burden weighs in favor of a prefiling order. *Compare, e.g.*, *Boustred v. Government*, 2008 WL 4287570, *2 (N.D. Cal. Sept. 17, 2008) (declaring vexatious a plaintiff who "brought three actions containing similar rambling, largely incomprehensible claims against a multitude of defendants").

Finally, the fifth *Safir* factor weighs in favor of a pre-filing order. Dismissal of Heredia's numerous cases has not deterred him from continuing to file cases that lack merit. Further, Heredia has brought cases based on the same or similar set of facts (unsuccessfully applying for a job), suggesting that Heredia will continue to litigate—and re-litigate—cases absent a pre-filing order. *See Martin v* 2015 WL 9489898, at *6 ("Martin's litigation history demonstrates that she has been unresponsive to the courts' repeated, clear indications that her complaints are without merit").

Accordingly, as to the third *De Long* factor, the Court concludes that Heredia has filed numerous frivolous and harassing cases in this District.

Case No.: 5:18-cv-01237-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT

11

####  iv. Narrowly Tailored

The final *De Long* factor requires that the pre-filing order be narrowly tailored to the vexatious litigant's wrongful behavior. In the instant case, Heredia has filed numerous cases on similar types of claims, all of which have been dismissed. In light of this litigation history, the Court finds that a pre-filing order is necessary to protect both the Court and potential defendants from the burden of litigating Heredia's frivolous claims. *See Martin*, 2015 WL 9489898, at *6.

## IV. ORDER

For the reasons stated above, the Court DISMISSES Heredia's claims for failure to state a claim, and DECLARES Heredia a vexatious litigant. The Clerk of the Court shall not file or accept any further complaints filed by Heredia. If Heredia wishes to file a complaint, he must provide a copy of such complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of the Court. The Clerk shall forward the complaint, letter, and copy of this order to the general duty judge for a determination of whether the complaint should be accepted for filing. Any violation of this order will expose Heredia to a contempt hearing and appropriate sanctions, and any action filed in violation of this order will be subject to dismissal.

The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: July 25, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-01237-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DECLARING PLAINTIFF A VEXATIOUS LITIGANT